**ORIGINAL**

# In the United States Court of Federal Claims

No. 16-1363 C
(Filed October 28, 2016)
NOT FOR PUBLICATION

**FILED**
OCT 2 8 2016
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
```
ADESIJUOLA O. OGUNJOBI,           *
                                  *
            Plaintiff,            *
                                  *
      v.                          *
                                  *
THE UNITED STATES,                *
                                  *
            Defendant.            *
```
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

Adesijuola Ogunjobi filed the complaint in this case *pro se* on October 19, 2016, along with an application to proceed *in forma pauperis*. It is clear from a review of the complaint that the subject matter is not within this court's jurisdiction, and accordingly this case must be dismissed pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims (RCFC). Mister Ogunjobi's claim appears to be that he intervened in the bankruptcy of Bernard L. Madoff Investment Securities LLC but was not allowed to purchase that business. Compl. ¶¶ 4–5. The complaint alleges that the bankruptcy court's refusal to let Mr. Ogunjobi buy out the Madoff business violated the Fourteenth Amendment. Comp. ¶ 19. More specifically, Mr. Ogunjobi alleges a violation of his equal protection rights and a deprivation of liberty to pursue his chosen career. Compl. ¶¶ 20, 24.

Subject-matter jurisdiction can be challenged by the parties at any time, or by the court *sua sponte*. *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to RCFC 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." When a court undertakes this determination, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." *Folden*, 379 F.3d at 1354.

7014 1200 0000 9093 9645

This court's jurisdiction must be based on the alleged existence of a contract with the federal government or on a violation by the federal government of a law or constitutional provision mandating the payment of money. 28 U.S.C. § 1491(a)(1); *see also Total Med. Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997) (holding that a plaintiff must plead the elements of a valid contract in order to establish jurisdiction based on a contract with the United States); *United States v. Testan*, 424 U.S. 392, 398 (1976) (noting that the Tucker Act confers jurisdiction only where the federal statute allegedly violated confers "a substantive right to recover money damages from the United States"); *Contreras v. United States*, 64 Fed. Cl. 583, 588 (2005) (holding that this court's jurisdiction "must be based on a law or regulation that either entitles the plaintiff to a payment of money from the government, or places a duty upon the government, the breach of which gives the plaintiff a money damages remedy"); *Eastport S.S. Corp. v. United States*, 372 F.2d 1002, 1007 (Ct. Cl. 1967) (explaining that our court does not have jurisdiction to hear "every claim involving or invoking the Constitution"). Mister Ogunjobi identifies no such source.

As a preliminary matter, the Fourteenth Amendment does not apply to federal officials. *Fry v. United States*, 72 Fed. Cl. 500, 508 (2006) (citing *S.F. Arts & Athletics, Inc. v. U.S. Olympic Comm.*, 483 U.S. 522, 542 n.21 (1987)). Assuming that Mr. Ogunjobi meant to assert claims under the Fifth Amendment, based on his discussion of equal protection and deprivation of liberty, Compl. ¶¶ 20, 24, the relevant provision is not money-mandating. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the equal protection component of the Fifth Amendment is not money-mandating) (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)). To the extent that Mr. Ogunjobi is attempting to assert a Fifth Amendment due process claim, that provision is not money-mandating.[1] *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) (holding that the Due Process Clauses of both the Fifth and the Fourteenth Amendments are not money-mandating); *Brown v. United States*, 227 Ct. Cl. 786, 787 (1981) (finding no jurisdiction over claim alleging deprivation of liberty in violation of the Fifth Amendment).

Nor for that matter does this court have jurisdiction over appeals of the actions of other courts.[2] *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir.

---

[1] The Due Process Clause of the Fifth Amendment may only be a basis for our jurisdiction when a claim seeks the return of money paid to the federal government under the rubric of an illegal exaction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1573 (Fed. Cir. 1996); *Coleman v. United States*, No. 13-431C, 2014 WL 949984, at *3 (Fed. Cl. Mar. 7, 2014).

[2] Plaintiff's complaint also makes a passing reference to the Bill of Rights in the context of an action brought against him by the Securities and Exchange Commission (SEC). Compl. ¶¶ 25-27. The court notes that to the extent the

1994) (holding that this court "does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) (explaining that this court is not an appellate tribunal, and "does not have jurisdiction to review the decisions of district courts"); *Bafford v. United States*, No. 09–030, 2009 WL 2391785, at *4 (Fed. Cl. Aug. 3, 2009) (explaining that this court does not have jurisdiction to review the decisions of federal courts of appeal).

Moreover, it appears that plaintiff is not actually seeking money damages in his claim for relief. Compl. ¶¶ R ("Plaintiff . . . is not collecting one cent from the government (United States)"); V ("Plaintiff is not seeking any payment on the claim"); W ("United States will not pay out one cent of this claim"); X ("Plaintiff has no intention whatsoever to litigate this Claim"); Y ("Plaintiff will not seek any relief from this court"); Z (seeking "such other relief, including equitable and injunctive relief, as this court may deem just and proper as long as such other relief will not result in any monetary damages"). The court cannot exercise jurisdiction over plaintiff's claims because – other than in limited circumstances, none of which apply here[3] – this court only has jurisdiction over claims for money damages. *Testan*, 424 U.S. at 398.

The Court appreciates Mr. Ogunjobi's efforts in compiling his 67 page complaint (but regrets that it includes improper and offensive language that is the sort of scandalous or impertinent material[4] which would be stricken under RCFC

---

complaint is about an SEC action, or a court's enforcement thereof, this court has no jurisdiction. *See Grady v. United States*, 565 Fed. Appx. 870, 872 (Fed. Cir. 2014) (finding no jurisdiction over a claim that the SEC breached its duty to plaintiff because the applicable statutes were not money-mandating).

[3] This court also has jurisdiction: (1) to provide relief in addition to money damages "as an incident of and collateral to any such [money] judgment" over which it has jurisdiction, 28 U.S.C. § 1491(a)(2); (2) over contract disputes arising under 41 U.S.C. § 7104(b)(1), 28 U.S.C. § 1491(a)(2); and (3) over bid protests brought "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement," 28 U.S.C. § 1491(b). Because Mr. Ogunjobi is not seeking money damages, this court has no jurisdiction to provide additional relief "incident of and collateral to" such money judgement. His complaint is not a contract dispute brought under 41 U.S.C. § 7104(b)(1), nor is it a complaint brought "by an interested party objecting to a solicitation by a Federal agency."

[4] *See, e.g.*, Compl. pp. 31-32 n. 33; pp. 35-36 n. 34; ¶ Y. A complaint in our court is not the place for a would-be litigant's opinion on anthropological, historical, or

12(f)). But Mr. Ogunjobi seems to misunderstand the jurisdiction of our court – as he has not pled the violation of a law or constitutional provision that would place this matter within our jurisdiction.

For the foregoing reasons, plaintiff's complaint is **DISMISSED** as beyond our court's jurisdiction pursuant to RCFC 12(h)(3). Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**, and thus Mr. Ogunjobi need not pay the filing fee. The Clerk shall close the case.

**IT IS SO ORDERED.**

_____
VICTOR J. WOLSKI
Judge

---

religious matters, particularly when derogatory and insulting terminology is employed.